**Harry F. STONER, and Bonnie E. Stoner, his wife, Appellants,**

v.

**PRESBYTERIAN UNIVERSITY HOSPITAL, Appellee.**

No. 79–1319.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Oct. 18, 1979.

Decided Nov. 5, 1979.

As Amended Nov. 19, 1979.

Mark B. Aronson, Behrend & Aronson, Pittsburgh, Pa., for appellants.

John W. Jordan, IV, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for appellee.

Before SEITZ, Chief Judge, and GARTH and SLOVITER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Appellants, Harry F. Stoner and his wife Bonnie E. Stoner, filed this suit to recover losses sustained as a result of the failure of the appellee, Presbyterian University Hospital, to provide proper health care to Mr. Stoner. Jurisdiction was based on diversity of citizenship. 28 U.S.C. § 1332 (1976). The district court dismissed their complaint without prejudice, holding that Pennsylvania law requires that they first submit their claim to a state administered arbitration process. Appellants assert that the district court erred in applying this rule of Pennsylvania law to a diversity action filed in federal district court.

The Pennsylvania legislature provided for arbitration of medical malpractice claims in the Health Care Services Malpractice Act, Pa.Stat.Ann. tit. 40, §§ 1301.101–.1006 (Purdon Supp.1979). Arbitration panels appointed under the Act

have original exclusive jurisdiction to hear and decide any claim brought by a patient or his representative for loss or damages resulting from the furnishing of medical services which were or which should have been provided.

*Id.* § 1301.309. Judicial review of a decision of an arbitration panel is available in the form of a trial de novo. *Id.* § 1301.509. The Pennsylvania Supreme Court has made clear that submission of claims to arbitration is a prerequisite to filing malpractice suits in court. *Parker v. Children's Hospital of Philadelphia*, 483 Pa. 106, 394 A.2d 932 (1978).

The district court determined that Pennsylvania's arbitration requirement was a matter of substantive law and therefore binding upon a federal court sitting in diversity. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Another district court has previously reached the same conclusion. *Marquez v. Hahnemann Medical College and Hospital of Philadelphia*, 435 F.Supp. 972 (E.D.Pa. 1976).

The characterization of the arbitration requirement as substantive rather than procedural is far from persuasive on its face. Because any party to an arbitration who is dissatisfied with the panel's decision can obtain de novo review, the arbitration process should not affect the ultimate outcome of the litigation. *See Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). The requirement is surely more procedural than substantive in the sense that its immediate impact is on the course of proceedings before a court rather than on conduct outside of a court. *See Hanna v. Plumer*, 380 U.S. 460, 475, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) (Harlan, J., concurring). However, we do

not find these considerations determinative. As this court has noted before, the applicability of state law to diversity suits should ultimately depend not on the distinction between substance and procedure but on the policies underlying the *Erie* doctrine. *Edelson v. Soricelli,* 610 F.2d 131, (3d Cir. 1979); *Witherow v. Firestone Tire & Rubber Co.,* 530 F.2d 160, 163–66 (3d Cir. 1976). F.2d 160, 163–66 (3d Cir. 1976).

 We note that no federal statute or court rule even arguably directs the federal court to disregard Pennsylvania's rule of mandatory arbitration. In this situation, a federal court exercising its diversity jurisdiction has very limited authority to apply rules of law, whether substantive or procedural in character, that differ from rules that a court of the forum state would apply in the same matter. The Supreme Court stated the governing rule in *Erie*: "Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State." 304 U.S. at 78, 58 S.Ct. at 822. This part of the *Erie* opinion essentially restates the Rules of Decision Act, 28 U.S.C. § 1652 (1976), and reflects the concept that the diversity jurisdiction exists only to provide non-residents with a forum free of local biases. The fortuity of diverse citizenship should not subject a litigant to legal burdens different from those that a state court would impose. *Guaranty Trust Co. of New York v. York,* 326 U.S. 99, 108–09, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). The Supreme Court explained in *Hanna v. Plumer,* 380 U.S. 460, 466–69, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), that the intention behind the *Erie* doctrine and the Rules of Decision Act is to prevent this inequitable administration of laws and the related problem of forum shopping. Chief Justice Warren's discussion makes clear that state law will apply to suits in diversity whenever these concerns are implicated and the Constitution, an act of Congress, or a rule promulgated under

the Rules Enabling Act, 28 U.S.C. § 2072 (1976), does not provide otherwise.

These policy concerns are substantially implicated in the present case. The Pennsylvania legislature's goals in requiring preliminary arbitration are to reduce the number of trials on frivolous malpractice claims and to make possible a more efficient means of disposing of meritorious claims. *See Parker v. Children's Hospital of Philadelphia,* 483 Pa. 106, 394 A.2d 932, 936 (1978). To deny the benefits of this procedure to a Pennsylvania defendant who happens to have been sued by a non-resident is the very sort of inequity that the *Erie* doctrine seeks to prevent. Moreover, to allow non-resident plaintiffs to avoid this prerequisite to suit by suing in federal court would serve no purpose but to frustrate the legislature's legitimate goals. We hold that the district court properly applied Pennsylvania's arbitration requirement to this case.[1]

Appellants argue that the Pennsylvania statute unconstitutionally encroaches upon the diversity jurisdiction by restricting appeals to state courts.[2] They aim their challenge at § 509 of the Act:

> Appeals from determinations made by the arbitration panel shall be a trial de novo in the court of common pleas in accordance with the rules regarding appeals in compulsory civil arbitration and the Pennsylvania Rules of Civil Procedure.

40 Pa.Stat.Ann. § 1301.509 (Purdon Supp. 1979). The district court ruled that the appellants' constitutional challenge was premature.

 A basic principle of judicial review holds that a court will not "anticipate a question of constitutional law in advance of the necessity of deciding it." *Ashwander v. TVA,* 297 U.S. 288, 346–47, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1936) (Brandeis, J., concurring), *quoting Liverpool, N. Y. & P. S. S. Co. v. Commissioners of Emigration,* 113

---

1. Appellants' counsel should take notice of the applicable statute of limitations.

2. Appellants' argument before the district court and their briefs on this appeal limit the scope of

their challenge to the effect of § 509. They do not argue that the arbitration requirement as administered violates either the federal or the Pennsylvania Constitution. *See Edelson v. Soricelli,* 610 F.2d 131, (3d Cir. 1979).

U.S. 33, 39, 5 S.Ct. 352, 28 L.Ed. 899 (1885). Since appellants had not yet brought their claim before an arbitration panel, the district court did not face a direct application of § 509. The court only had to hear a constitutional challenge to this section if the validity of the arbitration requirement, the only section of the Act it was asked to apply, depended upon the validity of § 509. Under Pennsylvania law, separate provisions of a statute are presumed severable, and any particular one will survive a decision voiding another unless it is so interrelated with the void provision or incomplete without it that the legislature could not have intended it to stand alone. 1 Pa.Cons. Stat.Ann. § 1925 (Purdon Supp.1979). The arbitration requirement could operate and serve adequately the goals of fewer trials on frivolous claims and more efficient disposition of meritorious claims without any restriction of appeals to state courts. Therefore, we find that the provisions are severable and that the district court properly found the constitutional challenge to § 509 premature.

■ Appellants argue that the consequence of waiting until after arbitration to bring their constitutional challenge may be a complete loss of access to the district court. The only provision for judicial review in the Pennsylvania Act is § 509. They reason that if the district court eventually finds that this provision does attempt to limit review to state courts and hence is unconstitutional, the court would lack any basis of jurisdiction to review the merits of the arbitration panel's decision. They would be left with an unreviewable panel decision. This reasoning is incorrect. A trial in federal court following an administrative proceeding that is subject to de novo review is not an appellate proceeding; it is an exercise of the court's original jurisdiction. *Horton v. Liberty Mutual Insurance Co.*, 367 U.S. 348, 355, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961). Hence, the district court would not require any special grant of jurisdiction to hear the case, and the constitutional challenge, following the arbitration process.

The judgment of the district court will be affirmed.