**Health Care Services Malpractice Act**

· BARTLE, *Attorney General,* October 14, 1980 —You have asked for an opinion as to the status of the Arbitration Panels for Health Care as a result of the September 26, 1980 decision of the Pennsylvania Supreme Court in the case of Mattos v. Thompson, No. 124 E.D. Misc. Docket 1979, wherein the court declared unconstitutional section 309 of the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. § 1301.101 et seq. (hereinafter the act). Specifically, you have asked whether or not the entire arbitration system is now void, and if it continues to exist, whether it retains jurisdiction at the sole option of plaintiff or whether consent of all parties is required.

The act, which established a system for the compulsory arbitration of malpractice claims against health care providers, provided in section 309:

"The arbitration panel shall have original exclusive jurisdiction to hear and decide any claim brought by a patient or his representative for loss or damages resulting from the furnishing of medical services which were or which should have been provided. The arbitration panel shall also have original exclusive jurisdiction to hear and decide any claim asserted against a nonhealth care provider who is made a party defendant with a health care provider."

While the court declared unconstitutional the system's "original exclusive jurisdiction to hear and decide" health care malpractice claims, it is our opinion that it left intact the remaining sections

of the act relating to the arbitration system. This conclusion is supported not only by the language of the majority opinion, but by the separate opinion of Mr. Justice Larson who dissented in part precisely because the majority did not void the entire arbitration scheme.

Our position that the remainder of the system continues unaffected is supported by section 1007.1 of the act [added by the Act of December 14, 1979, P.L. 562], which states that "the provisions of this act are declared to be severable," and by the Statutory Construction Act of 1972, 1 Pa.C.S.A. § 1925, which provides that if a section of a statute is held to be invalid, the rest of the act stands unless "the court finds" that the remaining sections are essential to or inseparable from the invalid sections or that the remaining sections would be incomplete or incapable of execution. No such finding was made here. See also Stoner v. Presbyterian University Hospital, 609 F. 2d 109, 112 (3d Cir. 1979).

The question remains therefore as to whether the Arbitration Panels for Health Care under the act retain jurisdiction if a plaintiff alone wishes to proceed thereunder or whether they may arbitrate only with the consent of all parties.

The Supreme Court declared section 309 of the act unconstitutional "because the delays involved in processing these claims under the prescribed procedures set up under the act result in an oppressive delay and impermissibly infringes upon the constitutional right to a jury." Since defendants as well as plaintiffs have a right to a jury trial, I conclude that a plaintiff cannot have the option of proceeding under arbitration without the consent of all defendants and additional defendants. Otherwise a defendant would be compelled to accept "oppres-

sive delay" in derogation of his right to a trial by jury.

Since arbitration under the act continues to exist, I conclude that it does so as a voluntary system. Thus the consent of all parties shall be necessary before the system can proceed with any matter over which it previously had original exclusive jurisdiction.

Arbitration has strong support in the public policy of this Commonwealth. The ajority's decision in Mattos v. Thompson stated that: "Nothing in this opinion . . . should be taken as a retreat from our long-held belief in 'arbitration as a viable, expeditious, alternative method of dispute-resolution.' . . . we are confident, as experience has demonstrated, that arbitration is still a viable alternative that can be effective in many areas." Voluntary arbitration is also authorized by 42 Pa.C.S.A. §7362.

Accordingly, it is our opinion that the arbitration system under the act can continue to accept and docket new complaints, and to decide motions, hold hearings and render decisions on new or presently pending cases, provided that the consent of all parties to the jurisdiction of the Arbitration Panels for Health Care is obtained. If any defendant or additional defendant, whether in pending cases or in future cases, does not agree to arbitration under the act, the case shall be transferred to the appropriate court of common pleas pursuant to Pa.R.C.P. 213(f) —rules which are applicable to the arbitration panels under section 506 of the act.

Sections 401 and 605 of the act toll the running of the statute of limitations upon the filing of a complaint with the administrator of the system so that no fatal prejudice will result from the transfer to the court of a case that has been filed with him.

In order to implement the Supreme Court's decision, you should notify by mail, as soon as possible, all parties involved in pending claims of the preceding interpretation and the opportunity for voluntary arbitration under the act. They should be advised to respond to you within a time certain whether or not they consent to continued arbitration, and if no response withholding consent is received within the prescribed time period, consent to arbitration will be presumed. You should also set forth that where consent is withheld, the case will be transferred to the appropriate court of common pleas, pursuant to Pa.R.C.P. 213(f).

In the meantime, until consent from all parties in a case is obtained or until the prescribed time period has passed, you cannot act on that case except to file and docket a complaint or other papers received or to transfer the case under Pa.R.C.P. 213(f).