D. Jamieson Long, Jr., Durward J. Long, Sr., of Long & Long, P.C., Rock Island, Ill., Michael S. Bennett, Davenport, Iowa, for appellant.

Thomas J. Miller, Atty. Gen. of Iowa, Charles S. Lavorato, Asst. Atty. Gen., Tort Claims Div., Des Moines, Iowa, for appellees Jay W. Lavigne and Clayton Wilde.

William M. Tucker, Richard M. Tucker, Phelan, Tucker, Boyle & Mullen, Iowa City, Iowa, for appellee Kathleen S. Hauser.

Before HEANEY, McMILLIAN and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

Joanne White appeals from a final judgment of the District Court[1] for the Southern District of Iowa dismissing without prejudice her diversity malpractice action for failure to exhaust state administrative remedies. For reversal White argues that the district court erred in holding that she was required to comply with the provisions of the Iowa Tort Claims Act, Iowa Code § 25A (1983), before instituting a federal diversity action. For the reasons discussed below, we affirm the judgment of the district court.

---

**Joanne H. WHITE, Appellant,**

v.

**Jay W. LAVIGNE, Clayton Wilden and Katharine S. Hauser, Appellees.**

**No. 84–1532.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 3, 1984.

Decided Aug. 24, 1984.

---

**1.** The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

In September 1981 White suffered a paralyzing cerebrovascular stroke two days after she was discharged from the University of Iowa Hospitals and Clinics in Iowa City, Iowa. White had undergone surgery to have a postpartum tubal ligation. In August 1983 White brought a diversity action in the District Court for the Central District of Illinois against the three treating physicians, who were employees on the staff of the University of Iowa Hospitals and Clinics, alleging that her stroke was proximately caused by the physicians' negligence. The action was subsequently removed to the District Court for the Southern District of Iowa. White simultaneously filed a claim with the Iowa state appeal board pursuant to the Iowa Tort Claims Act, Iowa Code § 25A (1983), seeking an award for her injuries.

■ On March 13, 1984, the district court dismissed White's claim without prejudice for failure to exhaust her state administrative remedies. The Iowa Tort Claims Act, Iowa Code § 25A.5, provides in pertinent part:

> **When suit permitted.** No suit shall be permitted under this chapter unless the state appeal board has made full disposition of the claim; except that if the state appeal board does not make final disposition of a claim within six months after the claim is made in writing to the state appeal board, the claimant may, by notice in writing, withdraw the claim from consideration of the state appeal board and begin suit under this chapter.

The district court reasoned that this provision applied to White's diversity action against the physicians employed by the state university hospital and was a condition precedent to instituting suit. We agree.

■ In a federal diversity case the district court applies the substantive law of the forum state. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Although White contends that the filing requirement of the Iowa Tort Claims Act is procedural rather than substantive, we are guided "by reference to the policies underlying the *Erie* rule" in determining which law to apply. *See Hanna v. Plumer,* 380 U.S. 460, 467, 85 S.Ct. 1136, 1141, 14 L.Ed.2d 8 (1965). These policies include the equitable administration of laws between residents and nonresidents and the discouragement of forum shopping. *Id.* at 466–69, 85 S.Ct. at 1141–42. "The fortuity of diverse citizenship should not subject a litigant to legal burdens different from those that a state court would impose." *Stoner v. Presbyterian University Hospital,* 609 F.2d 109, 111 (3rd Cir.1979). To waive the exhaustion requirement in the case at bar for plaintiffs suing in diversity would contravene the policies underlying the *Erie* doctrine. Other courts have required exhaustion of administrative remedies in similar circumstances for the reasons discussed above. *See, e.g., Sandhill Motors, Inc. v. American Motors Sales Corp.,* 667 F.2d 1112, 1115 (4th Cir.1981); *Edelson v. Soricelli,* 610 F.2d 131, 133–35 (3d Cir.1979); *Stoner v. Presbyterian University Hospital,* 609 F.2d at 110–11; *Hines v. Elkhart General Hospital,* 603 F.2d 646, 649 (7th Cir.1979); *Woods v. Holy Cross Hospital,* 591 F.2d 1164, 1168–69 (5th Cir.1979).

Accordingly, the judgment of the district court is affirmed.