26 F.3d 127
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Michelle Norton; Douglas Norton, Appellants,
State Farm Mutual Automobile Insurance Company, Intervenor Below,
v.
Georgia Pacific Corporation, Appellee.
 No. 93-2019.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 12, 1994.
Filed: May 18, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michelle and Douglas Norton appeal from the judgment entered by the district court[1] on a jury verdict in favor of defendant Georgia Pacific Corporation in the Nortons' action for damages arising out of an automobile accident involving one of defendant's employees, Steven Wallace. We affirm.
 
 
 2
 The sole issue at trial was whether Wallace was acting within the scope of his employment at the time of the accident. Because Georgia Pacific had stipulated that Wallace was its employee, the district court refused to give Arkansas Model Instruction (AMI) 701, which defines "employee." Instead, the court gave AMI 702 and 703, which instruct on scope of employment. The jury found that Wallace was not acting within the scope of his employment.
 
 
 3
 On appeal, the Nortons argue that the verdict is against the preponderance of the evidence and that the court erred in denying their motion for summary judgment. The Nortons did not preserve these issues for appeal, however, because they did not move for judgment as a matter of law or a new trial. See Boone v. Moore, 980 F.2d 539, 542 n. 3 (8th Cir. 1992); Schmidt v. Farm Credit Servs., 977 F.2d 511, 513 n. 3 (10th Cir. 1992).
 
 
 4
 The Nortons next contend that the district court erred in refusing to give AMI 701. We examine jury instructions to see whether they state the law fairly and correctly, giving the district court broad discretion in choosing the form and the language. See Federal Enters., Inc. v. Greyhound Leasing & Fin. Corp., 849 F.2d 1059, 1061 (8th Cir. 1988); White v. Lavigne, 741 F.2d 229, 230 (8th Cir. 1984) (per curiam). AMI 702 and 703 fairly and adequately submitted the disputed issue of scope of employment. Accordingly, the district court did not err in determining that AMI 701 was unnecessary.
 
 
 5
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Elsijane Trimble Roy, Senior United States District Judge for the Eastern District of Arkansas