Caroline AMMANN, individually, and Tyler Ammann, individually and as Administrator for the Estate of Glenn Ammann, Deceased, Plaintiffs,

v.

MASSEY–FERGUSON, LTD., a Foreign Corporation; Mac–Don Industries, Inc., a Foreign Corporation; Eaton Corporation, an Ohio Corporation; and Chrysler Corporation, a Delaware Corporation, Defendants.

Civ. No. 94–1021.

United States District Court, D. South Dakota, Northern Division.

Aug. 2, 1996.

Jeffrey Maks, Rapid City, SD, Lane S. Gruenwald, Milbank, SD, for plaintiffs.

Blake Duerre, Lindsay Arthur, Jr., Jeremiah Gallivan, Donna Geck, Minneapolis, MN, James McMahon, Sioux Falls, SD, Reed Rasmussen, Aberdeen, SD, Michael King, Chicago, IL, Deming Smith, Sioux Falls, SD, for defendants.

## ORDER

## ON MOTIONS

KORNMANN, District Judge.

The Court submitted to U.S. Magistrate Judge Mark F. Marshall (a) defendant Massey–Ferguson's motion to dismiss, Doc. 83, (b) defendant Mac–Don's joinder, Doc. 87, defendant Mac–Don's motion to bifurcate, Doc. 85, and motion for partial summary judgment, Doc. 88, (d) defendant Massey–Ferguson's joinder in both those motions, Doc. 82, (e) defendant Chrysler's joinder in those motions, Doc. 96, (f) defendant Chrysler's motion to dismiss, Doc. 95, (g) defendant Eaton's joinder in the forgoing motions, Doc. 94, (h) plaintiffs' motion to amend, Doc. 104, and (i) defendant Eaton's motion to amend, Doc. 109. Magistrate Marshall reviewed the pleadings and file herein as it pertains to those matters and submitted his Report and Recommendation to the Court on June 12, 1996. A copy of the Report and Recommendation was served upon the parties as required by 28 U.S.C. § 636.

Plaintiffs filed a general response to the various pre-trial motions on April 26, 1996, Doc. 103. In that response, plaintiffs resisted the motion for partial summary judgment, referring the court to plaintiffs' brief in resistance, response to statement of undisputed facts and affidavit of counsel. Those documents did not exist and were not filed at any time before the magistrate issued his report and recommendation. Plaintiffs filed objections to the report and recommendation on June 24, 1996, which would have been untimely but for the fact that the ten day deadline fell on a Saturday. Plaintiffs also filed their documents in resistance to the motions for summary judgment at that time.

The Court has reviewed the Report and Recommendation and has conducted a de novo review of the file herein. Plaintiffs' objections are general and do not specify the basis for the objections, with the exception of the objection to the motion for summary judgment on punitive damages.

Plaintiffs object to the recommendation on the motions to amend pleadings. However, the magistrate recommended ruling in plaintiffs' favor on their motion to amend the complaint. Further, plaintiffs did not file any resistance to defendant Eaton's motion to amend, and offer no factual or legal basis for denying Eaton's motion to amend. Their objection is overruled.

Plaintiffs object to the recommendation on the motion to bifurcate. Plaintiffs resisted the motion to bifurcate, filing an extensive brief and affidavit in resistance. The magistrate recommended that the motion to bifurcate be denied. This Court cannot fathom why plaintiffs would later object to a recommendation which supports their earlier objection. Their objection is frivolous and is overruled.

Plaintiffs object to the recommendation on the motion for partial summary judgment on the punitive damages claim. Plaintiffs did not timely file any of the responsive pleadings required by local rule and the Federal Rules of Civil Procedure. Nonetheless, since the issue is one of law and not of fact, the Court has reviewed the plaintiffs' untimely response. The magistrate recommended dismissal of the punitive damages claim because punitive damages are not recoverable in a wrongful death action under South Dakota law. *Bethel v. Janis,* 597 F.Supp. 56, 59 n. 4 (D.S.D.1984). Plaintiffs contend punitive damages are available under the survival action as pled in plaintiffs' amended complaint, this based upon the decedent's survival for nine days.

Defendant Mac–Don argues both that there is no cause of action for punitive damages in a wrongful death action and that, under SDCL 21–1–4.1, plaintiffs have not met the burden of showing malice before the issue of punitive damages may be submitted to the jury. Clearly, under South Dakota law, an action for personal injuries is maintainable independent of a wrongful death action. *Sander v. The Geib, Elston, Frost Professional Association,* 506 N.W.2d 107, 127 (S.D.1993); *Pexa v. Clark,* 85 S.D. 37, 42, 176 N.W.2d 497, 500 (1970). A personal injury action survives the death of the injured party, SDCL 15–4–1, and is the type of action in which punitive damages are recoverable. SDCL 21–3–2.

The next issue is the effect, if any, of SDCL 21–1–4.1. In 1986, the South Dakota Legislature adopted SDCL 21–1–4.1 which provides:

> In any claim alleging punitive or exemplary damages, before any discovery relating thereto may be commenced and before any such claim may be submitted to the finder of fact, the court shall find, after a hearing and based upon clear and convincing evidence, that there is a reasonable basis to believe that there has been willful, wanton, or malicious conduct on the part of the party claimed against.

The rule of *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), in general, requires adherence to the appropriate substantive law of a particular state in a diversity case. Thus, South Dakota law governs substantive issues of liability in this case. *B.B. v. Continental Insurance Co.,* 8 F.3d 1288, 1291 (8th Cir.1993); *Adams v. Fuqua Industries, Inc.,* 820 F.2d 271, 273 (8th Cir.1987). However, if a matter is procedural and is addressed by a federal rule, the federal rule governs. *Hiatt v. Mazda Motor Corp.,* 75 F.3d 1252, 1258 (8th Cir. 1996).

The South Dakota Supreme Court has held that SDCL 21–1–4.1 is a procedural statute. *Dahl v. Sittner,* 474 N.W.2d 897, 902 (S.D. 1991). *Dahl* makes it clear that the statute leaves unchanged the substantive nature of the availability of punitive damages. This Court agrees with the concurrence of former Supreme Court Justice Wuest in *Brandriet v. Norwest Bank South Dakota, N.A.,* 499 N.W.2d 613 (S.D.1993), that the obvious purpose of SDCL 21–1–4.1 is to prevent discovery as to income tax records, net worth statements and other financial information of a defendant without first demonstrating that there is a reasonable basis to believe that punitive damages are warranted, (*Vreugdenhil v. First Bank of South Dakota, N.A.,* 467 N.W.2D 756, 760 (S.D.1991)), or that there is a prima facie case for punitive damages, (*Flockhart v. Wyant,* 467 N.W.2d 473, 475 (S.D.1991)); the statute adds nothing to South Dakota substantive law.

There is no right to recover exemplary or penal damages at all in South Dakota unless expressly provided by statute. See SDCL 21–1–4. Substantive law as to such damages is found at SDCL 21–3–2 which states:

> In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, or in any case of wrongful injury to animals, being subjects of property, committed intentionally or by willful and wanton misconduct, in disregard of humanity, the jury, in addition to the actual damage, may give damages for the sake of example, and by way of punishing the defendant.

Interestingly enough, this statute authorizes the recovery of punitive damages in cases of oppression, fraud, malice or wrongful injury to animals committed intentionally *or* by willful and wanton misconduct. Apparently, the legislature has attempted to distinguish between intentional conduct and willful and wanton misconduct. The procedural statute, SDCL 21–1–4.1, makes no reference to cases of oppression, fraud or wrongful injury to animals. Only in state court cases in which the allegations deal with willful, wanton or malicious conduct is there a procedural hurdle to clear. Two seemingly contradictory statements are found in *Kjerstad v. Ravellette Publications, Inc.,* 517 N.W.2d 419 (S.D.1994), namely that "punitive damages are appropriate if there is evidence of oppression, fraud, or malice" and "Malice is an essential element of a claim for punitive

damages." The latter statement is, of course, too far reaching under a reading of SDCL 21–3–2 other than in the limited context of *Kjerstad* itself.

Should the discovery barricade and the punitive damages issue examination be extended beyond SDCL 21–1–4.1 to include all substantive law from SDCL 21–3–2? If so, that is a matter for the South Dakota Legislature. It does not appear that this question has been considered by the South Dakota Supreme Court.

There is nothing really comparable in the Federal Rules of Civil Procedure as to such a discovery barricade. This is not to say, of course, that there are no safeguards to prevent discovery abuses. There are and such safeguards are always available to a litigant. In general, full disclosure and discovery are encouraged under the Federal Rules and the discovery barricade (which applies not only to financial information but also to information which might show malice or other bad acts) directly conflicts with Fed.R.Civ.P. 26. An *Erie* analysis is therefore probably not required unless this Court is going to dissect SDCL 21–1–4.1 into two parts. See *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), and *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). SDCL 21–1–4.1 conflicts even more clearly with of Fed.R.Civ.P. 26 as amended in 1993 which applies to federal cases filed after December 1, 1993. See *In the Matter of the New Federal Rules of Civil Procedure* (D.S.D. Dec. 30, 1993). The present case is governed by the 1993 amendment. Fed.R.Civ.P. 26(b) provides for broad discovery. Also Fed.R.Civ.P. 1 tells us that the rules are to be used "to secure the just, speedy, and inexpensive determination of every action." How does a "mini-trial" accomplish that? How does a discovery blockade work to reach the truth and to determine if there is any basis for punitive damages?

This Court is not inclined to dissect SDCL 21–1–4.1 for purposes of an *Erie* analysis. The statute clearly conflicts with the Federal Rules of Civil Procedure.

Even under an *Erie* analysis, however, the question whether SDCL 21–1–4.1 is substantive or procedural is guided by the policies underlying the *Erie* rule, which include the equitable administration of laws between residents and nonresidents and the discouragement of forum shopping. *White v. Lavigne*, 741 F.2d 229, 230 (8th Cir.1984). "The fortuity of diverse citizenship should not subject a litigant to legal burdens different from those that a state court would impose." *Id.*, quoting *Stoner v. Presbyterian University Hospital*, 609 F.2d 109, 111 (3rd Cir.1979).

There is no authority for awarding punitive damages under federal law. Now Chief Judge Richard Battey pointed out in *Bierle v. Liberty Mut. Ins. Co.*, 792 F.Supp. 687 (D.S.D.1992), that:

> "South Dakota requires more egregious conduct than states which merely require proof of gross negligence and states which require proof of conduct more egregious than gross negligence, but which do not require proof of malice. Thus, South Dakota is among the states having the most stringent conduct requirement."

*Bierle*, 792 F.Supp. at 691. The stringent requirements of South Dakota statutory and case law as to the recovery of punitive damages can easily be applied in federal court without the procedures of SDCL 21–1–4.1 being applied. Like their counterparts in the state system, federal judges do not permit juries to consider claims which are not supported by the evidence. Parties who seek to utilize the discovery process to harass other parties or who seek to obtain unnecessary information do so at their peril. Sanctions and protective orders are always available. For example, records and information can be ordered sealed or first examined in camera. Litigants in federal court or state court will, in the end, be treated in a similar manner. The legal burdens will be the same, although not perhaps at the same time and under the same circumstances. The procedural requirements of SDCL 21–1–4.1 need not be applied by federal courts sitting in diversity matters and applying South Dakota law.

The parties requested additional time for discovery and plaintiffs have identified several fact and expert witnesses who have yet to be deposed. This court cannot and will not

enter summary judgment on the punitive damages claim when relevant discovery remains to be completed. *Costello, Porter, Hill, Heisterkamp & Bushnell v. Providers Fidelity Life Ins. Co.,* 958 F.2d 836, 839 (8th Cir.1992).

Now, therefore,

IT IS ORDERED:

(1) The Report and Recommendation of the U.S. Magistrate Judge, Doc. 124, filed June 12, 1996, is adopted in part as the Findings of Fact and Conclusions of Law herein.

(2) Plaintiffs' motion to amend their complaint, Doc. 104, is granted.

(3) Defendant Eaton's motion to amend, Doc. 109, is granted.

(4) Defendant Massey–Ferguson's motion to dismiss, Doc. 83, and defendant Mac–Don's joinder, Doc. 87, are denied as moot.

(5) Defendant Mac–Don's motion to bifurcate, Doc. 85, and defendant Massey–Ferguson's joinder, Doc. 82, are denied.

(6) Defendant Chrysler's motion to dismiss, Doc. 95, is denied.

(7) Defendant Mac–Don's motion for partial summary judgment on the claims for fraud and infliction of emotional distress, Doc. 88, and defendant Massey–Ferguson's joinder, Doc. 82, are denied as moot.

(8) Defendant Mac–Don's motion for partial summary judgment on the issue of punitive damages, Doc. 88, and defendant Massey–Ferguson's joinder, Doc. 82, are granted as to plaintiffs' wrongful death claim and denied as to decedent's personal injury claim.

(9) SDCL 21–1–4.1 is procedural and is not applicable to federal courts sitting in diversity.

(10) Defendant Chrysler's notice of joinder, Doc. 96, and defendant Eaton's notice of joinder, Doc. 94, are granted and denied as set forth above.