588 A.2d 75

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Craig C. CAMPBELL, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 11, 1991.

Decided March 5, 1991.

338

David R. White, Asst. Counsel, Appellate Section, with him, Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for appellant.

R. Thomas Forr, Jr., Sullivan, Forr, Stokan & Huff, Altoona, for appellee.

Before McGINLEY and KELLEY and NARICK, Senior Judge.

NARICK, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Blair County which sustained the appeal of Craig C. Campbell (Campbell), reducing his operating privilege suspension from one year to six months. We reverse and reinstate the one-year suspension.

Campbell was originally convicted for leaving the scene of an accident involving damage to attended vehicle or property.[1] For this conviction Campbell received a six-month suspension.[2] Campbell was then convicted for driving while operating privilege is suspended or revoked.[3] For this offense the Department suspended Campbell's operating privilege for one year.[4]

This one-year suspension was appealed by Campbell and a hearing *de novo* was held before the Court of Common Pleas of Blair County on March 5, 1990. There was no factual dispute as to the convictions. The only issue concerned the appropriate suspension penalty to be applied when a motorist is convicted of driving under suspension.

Campbell argued that his Section 1543(a) offense is a "subsequent offense" as that term is used in Section 1532(b)(2)[5] despite the fact that Campbell's prior conviction

1. Section 3743 of the Vehicle Code (Code), 75 Pa.C.S. § 3743.

2. Section 1532(b)(1) of the Code, *as amended,* 75 Pa.C.S. § 1532(b)(1).

3. Section 1543(a) of the Code, *as amended,* 75 Pa.C.S. § 1543(a).

4. Section 1543(c)(1) of the Code, *as amended,* 75 Pa.C.S. § 1543(c)(1), which provides in pertinent part:

   **(c) Suspension or revocation of operating privilege.**—Upon receiving a certified record of the conviction of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:
   (1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, the department shall suspend the person's operating privilege for an additional one-year period.

5. Section 1532(b) of the Code, *as amended,* 75 Pa.C.S. § 1532(b), (emphasis added), which in pertinent part states:

was for leaving the scene of an accident, an offense not listed in Section 1532(b)(2). Accordingly, he believes the suspension should be for a six-month duration and not the one year assessed by the Department under Section 1543(c)(1).

The Department argued that an application of the Section 1532(b)(2) penalty to a first offense vitiates the Section 1543(c)(1) penalty. The Department also argued that the six-month suspension is only applicable when a motorist is convicted of a second violation of Section 1543.

The trial court determined that the six-month penalty set out in Section 1532(b)(2) should apply because Campbell's conviction was a "subsequent offense" as that term is used in Section 1532(b)(2). The trial court, therefore, reduced Campbell's suspension to a period of six months. This appeal followed.

The issue raised by the Department on appeal is whether the six-month or one-year suspension is appropriate to a first offense of driving during suspension.

■ Our scope of review in a license suspension case is limited to a determination of whether the trial court's findings are supported by competent evidence, whether there has been an error of law, or whether the trial court's decision constituted a manifest abuse of discretion. *McCullough v. Department of Transportation, Bureau of Traffic Safety*, 122 Pa. Commonwealth Ct. 415, 551 A.2d 1170 (1988).

■ We note that a trial court's authority when reviewing an administrative suspension of a driver's license is limited to determining whether the motorist has been con-

**(b) Suspension.—**

. . . . .

(2) The department shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of a *subsequent offense* under the following provisions:

Section 1501(a) (relating to drivers required to be licensed).

Section 1543 (relating to driving while operating privilege is suspended or revoked).

victed and whether the Department has faithfully observed the provisions of the Code in issuing the suspension. *Department of Transportation, Bureau of Driver Licensing v. Daniels*, 117 Pa.Commonwealth Ct. 640, 544 A.2d 109 (1988). The record here clearly demonstrates that Campbell was convicted as charged, and the only question is whether the Department applied the proper penalty under the Code. We conclude that the Department has properly applied the relevant provision of the Code.

In reaching our determination, we undertook a close examination of the Code sections relevant to the issue presented here. Section 1543(a) delineates the offense of driving while under suspension. Section 1543(c)(1) provides for the penalty for a conviction under this section, a one-year suspension in addition to whatever suspension was in effect at the time of the offense.

Section 1532 is a general provision setting out suspension penalties for numerous offenses that do not provide for a suspension as a part of their penalty provisions. Section 1532(b)(2) on its face purports to come into play when a driver is convicted for a "subsequent" violation of Section 1543(a). In essence, this scenario would provide for a one-year penalty under Section 1543(c) for a first offense and a lesser penalty under Section 1532(b)(2) for a second offense.

The trial court interpreted "subsequent offense" as used in Section 1532(b)(2) to mean *any subsequent conviction.* The trial court's reasoning would have us construe the conviction for leaving the scene of an accident as a first offense and the conviction for driving while under suspension as a "subsequent offense." If this were correct, every conviction for driving during suspension would be a "subsequent offense" since one can only drive during suspension if there has been a prior conviction. If Section 1532(b)(2) were the penalty for driving under suspension, as the trial court determined, then the Section 1543(c)(1) penalty would never be appropriate.

The trial court states that the legislature should have included the words "a second or subsequent" offense to

clarify that the additional conviction had to be a conviction for the same offense. The use of "second" in addition to "subsequent" as used by the trial court does not clarify the meaning. Both "second" and "subsequent" refer to matters later in time and the addition of the word "second" would not clarify the nature of the preceding offense.

■ Section 1933 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1933, as construed in *Appeal of Yerger*, 460 Pa. 537, 333 A.2d 902 (1975), mandates that, where two statutes appear to conflict, effect should be given to both if possible. By applying the penalty provided for in Section 1543(c)(1) to a first conviction for driving under suspension, and applying Section 1532(b)(2) to a subsequent violation of driving under suspension, we could allow both sections of the Code to be given their full effect,[6] albeit that a second offender would receive a lesser conviction. This is a result that does not comport with legislative intent when we examine the history of Section 1543.

Prior to the 1986 amendment to Section 1543, subsection (c) read as follows:

(c) Extending existing suspension or revocation.—The department, upon receiving a certified record of the conviction of any person under this section upon a charge of driving a vehicle while the operating privilege was suspended, shall revoke such privilege for an additional period of six months. If the conviction was upon a charge of driving while the operating privilege was revoked, the department shall revoke the operating privilege for an additional period of one year.

Obviously, the intent was to stiffen the penalty for driving while under suspension, since the 1986 amendment increased the penalty to one year. To turn around and reduce

6. The department also argues that it is conceivable for a driver to receive a one-year suspension pursuant to Section 1543(c)(1) for his first offense and a six-month suspension pursuant to Section 1532(b)(2) for his subsequent offense, together providing for an 18–month suspension. We, however, decline to discuss this issue and whether Section 1532(b)(4) prohibits this type of stacking, since neither Section 1532(b)(4) nor an 18–month suspension is at issue here.

the penalty for a second conviction for driving under suspension to six months is not what the legislature intended. It is clear that a revision of Section 1532(b)(2) insofar as it relates to Section 1543 should have been undertaken since Section 1543 contains its own penalty provision. As these two sections now stand, no cogent rationale can be deduced that would allow effect to be given to both.

Moreover, where a conflict between two statutes exists, the latter pronouncement of the General Assembly governs over the former. Section 1936 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1936. Section 1532(b)(2) of the Code was last amended in 1982, while Section 1543(c)(1) was amended in 1986. As we have indicated, the 1986 amendment to Section 1543(c)(1) specifically increased the penalty for driving under suspension from six months to one year. Since the 1986 amendment to Section 1543(c)(1) is the later word from the legislature concerning driving while under suspension, any conflict should be decided with the later in time controlling.

Furthermore, Section 1532, as we previously stated, is a general provision for suspensions and revocations of operating privileges. Meanwhile, Section 1543(c)(1) is a specific provision pertaining to violations of Section 1543. Where a general provision conflicts with a specific provision in the same or another statute, the specific provision shall prevail. Section 1933 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1933. If we had been able to give effect to both statutes at issue, we would still be constrained to hold that Section 1543(c) sets out the penalty to be imposed in the situation presented here. It is the specific provision dealing with the violation of driving while under suspension. We, therefore, hold that Section 1532(b) has no force and effect as it applies to a Section 1543(a) offense.

For the foregoing reasons we conclude that the trial court made an error of law. Accordingly, we reverse and reinstate the one-year suspension.

## ORDER

AND NOW, this 5th day of March, 1991, the order of the Court of Common Pleas of Blair County in the above-captioned matter is hereby reversed and the one-year suspension is reinstated.