## Commonwealth v. Schwartz

*Douglas K. Tobin, assistant counsel,* for PennDOT.
*Donald B. McCoy,* for petitioner.

356

McANDREWS, *J.*, July 15, 1993—This matter is before this court, pursuant to 75 Pa.C.S. §1550, upon John Schwartz's, petitioner, appeal from the Commonwealth of Pennsylvania, Department of Transportation's official notice dated January 26, 1993, suspending petitioner's driving privilege for a period of six months, said suspension being effective March 2, 1993. This appeal acts as a supersedeas of the suspension notice. A de novo hearing was held before the undersigned on April 29, 1993. For the following reasons, the petitioner's appeal is denied.

The petitioner is 44 years of age. He resides at 475 County Line Road, Huntingdon Valley, Bucks County, Pennsylvania, and he is licensed by the Commonwealth to operate a motor vehicle, Pennsylvania license no. 13-696-854. On or about July 3, 1992, the petitioner was charged with the possession of a small amount of marijuana, a violation of section 780-113(a)(31) of the Controlled Substance, Drug, Device and Cosmetic Act. On November 11, 1992, the petitioner pled guilty and was convicted of the above charge, a misdemeanor. The Bucks County clerk of court reported the petitioner's above-mentioned conviction, as mandated by section 13 of the Act. On January 26, 1993, the petitioner received an official notice from PennDOT informing him that his driving privileges would be suspended effective March 2, 1993, for a period of six months, pursuant to the Act, section 13(m). The petitioner filed this appeal seeking restoration of his operator's license.

The petitioner asserts that the underlying violation arose from a single marijuana plant growing on his property. The plant was not cultivated or harvested. Furthermore, he is 44 years of age, self-employed and a first time offender. Petitioner contends that he was never informed by his public defender that he would

lose his license as a result of a conviction under section 780-113.

The law is well established that this "court's authority when reviewing an administrative suspension of a driver's license is limited to determining whether the motorist has been convicted and whether the department has faithfully observed the provisions of the [vehicle] code in issuing the suspension." *PennDOT v. Campbell,* 138 Pa. Commw. 337, 340-41, 588 A.2d 75, 77 (1991) citing *PennDOT v. Daniels,* 117 Pa. Commw. 640, 544 A.2d 109 (1988).

In all relevant aspects section 13(m) is clear and unambiguous. Section 13(m) provides for the suspension of the operating privilege of "*any* person." (emphasis added) Clearly, this broad language, in conjunction with section 780-102's definition of "person" as an "individual, corporation, government, a governmental subdivision or agency," etc., without listing any exclusions or exceptions, includes the petitioner. Further, section 13(m) provides that "upon conviction for a violation of this act, [the convicted person] shall have his or her operating privilege suspended." Petitioner was convicted of a violation of section 780-113(a)(31), a violation of the Act, and shall have his operating privilege suspended. The words are clear and mandatory. Furthermore, the express clear language of section 13(m)(1) provides for a six month suspension "for a first offense." The petitioner cannot seek leniency based on a first offense in the face of clear statutory language to the contrary.

The petitioner's contention that his 30 day nonreporting probation for the underlying conviction belies the seriousness of this violation is not relevant. Section 13(m)

mandates suspension "[n]otwithstanding any other provision in [the Act]," and "in addition to any other penalty provided in this or any act." The additional penalty is mandatory and clear.

The petitioner's claim that a six month suspension is a harsh result, especially in light of his need for a vehicle as he is self-employed, is without merit. The legislature has clearly addressed this issue. 75 Pa.C.S. §1553, occupational limited license, states in pertinent part:

"(a) Issuance.—(1) The department [(PennDOT)] shall issue an occupational limited license under the provisions of this section to a driver whose operating privileges have been suspended and is not prohibited under any other provision in this section....

"(d) Unauthorized Issuance.—The department shall prohibit issuance of an occupational limited license to:...

"(10) Any person whose license has been suspended pursuant to section 13(m) of ... The Controlled Substance, Drug, Device and Cosmetic Act."

In light of the fact that the legislature sees fit to prohibit a driver, whose license has been suspended pursuant to section 13(m), from receiving an occupational limited license, this court, in addition to being confined by section 13(m) itself, is persuaded that the petitioner's license should be suspended despite his occupational need for a vehicle.

For all the foregoing reasons, this court issues the following:

### ORDER

And now, to wit, July 15, 1993, petitioner John Schwartz's appeal is dismissed and the suspension of his operator's privilege is reinstated.