Gerald Hugh Liebler, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs March 16, 1984, to Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*James P. Coulter, Dillon, McCandless & King,* for appellant.

*Michael J. McCaney, Jr.,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE PALLADINO, June 18, 1984:

Gerald Hugh Liebler (Appellant), appeals here from an order of the Court of Common Pleas of Butler County which dismissed his license suspension appeal without a hearing. We reverse and remand for a *de novo* hearing.

On January 3, 1983, Appellant was notified by the Department of Transportation's Bureau of Traffic

Safety (Department) that his driver's license would be suspended for five years under the habitual offenders provision of the Vehicle Code (Code), 75 Pa. C. S. §1542. Appellant had accumulated two convictions and one Accelerated Rehabilitative Disposition (ARD) offense, all under Section 3731 of the Code.[1]

On January 25, 1983 Appellant appealed the suspension to the court of common pleas, pursuant to 75 Pa. C. S. §1550. Appellant, on January 24, 1983, had also filed a petition with that court to have his ARD records expunged, in light of his successful completion of the ARD program.[2]

In a memorandum opinion dated January 26, 1983, the court below summarily dismissed both the appeal and the expunction petition, without a hearing in either case. This appeal followed.[3]

This Court's scope of review of a common pleas court's decision in a license suspension case is limited to determining whether the findings of the court below are supported by competent evidence, whether there has been an erroneous conclusion of law or whether the common pleas court's decision demonstrates a manifest abuse of discretion. *Waigand v. Commonwealth*, 68 Pa. Commonwealth Ct. 541, 543, 449 A.2d 862, 864 (1982).

The only issue presented for our consideration here is whether the court below erred as a matter of law in refusing to grant a hearing for the license suspension appeal.

---

[1] Driving under the influence of alcohol or controlled substance, 75 Pa. C. S. §3731.

[2] Appellant completed the ARD program in 1980, prior to committing the other two offenses.

[3] We have before us only the appeal from the dismissal of the license suspension. Appellant has appealed the dismissal of his petition to expunge his ARD records to the Pennsylvania Superior Court.

Section 1550 of the Code sets forth the procedure for judicial review of certain Department actions affecting drivers' licenses. Section 1550(a) states that:

Any person . . . whose operating privilege has been recalled, cancelled, suspended or revoked by the Department shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42.

Section 1550(c) states that:

The court shall set the matter for hearing upon 30 days written notice to the department and determine whether the petitioner is in fact the person whose operating privilege is subject to the recall, suspension, cancellation or revocation.

The language of §1550(a) and (c) is mandatory; a person whose license is suspended *shall* have the right to appeal, and the court *shall* set the matter for hearing. In *Department of Transportation, Bureau of Traffic Safety v. Quinlan*, 47 Pa. Commonwealth Ct. 214, 408 A.2d 173 (1979), this Court held that Section 1550 requires a *de novo* hearing on the merits of a summary suspension under Section 1547 in order to cure any due process defect resulting from the lack of an administrative hearing prior to the suspension.[4]

The rationale of *Quinlan* is controlling in this case. License suspensions under Section 1542 of the Code are also summary in nature, and Section 1550 provides the means for a motorist to challenge the merits of

---

[4] In *Quinlan*, the precise question was whether the hearing was limited by Section 1550(c) to a determination of the identity of the motorist. In order to construe the ambiguous provision of that section within constitutional guidelines, this Court held that the lower court must hear evidence upon and reach the merits of the suspension in light of the summary nature of the Section 1547 suspension. *Quinlan*, 47 Pa. Commonwealth Ct. at 219, 408 A.2d at 175.

274

the suspension. To deny a hearing for Appellant under Section 1550 would be to deny the process that is due to him.[5] We hold that Section 1550 entitles Appellant to a *de novo* hearing on the merits of his suspension. The court below incorrectly dismissed the appeal from the license suspension.

Accordingly, we reverse the order of the Court of of Common Pleas of Butler County and remand the case for a *de novo* hearing on the merits.

ORDER

AND Now, June 18, 1984, the order of the Court of Common Pleas of Butler County in the above-captioned case, dated January 26, 1983, is reversed, and the case is remanded to the court for a *de novo* hearing consistent with this opinion.

Jurisdiction relinquished.

---

[5] The Supreme Court, in *Bell v. Burson*, 402 U.S. 535 (1971) held that licenses, once issued, are not to be taken away without that procedural due process required by the Fourteenth Amendment. These constitutional requirements are satisfied if the licensee is guaranteed a prompt post-suspension hearing. *Mackey v. Montrim*, 443 U.S. 1 (1979).