519 A.2d 1083

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* David J. Edwards, Appellee.

Submitted on briefs September 19, 1986, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

No appearance for appellee.

OPINION BY SENIOR JUDGE KALISH, January 8, 1987:

The Department of Transportation, Bureau of Traffic Safety (DOT) appeals from an order of the Court of Common Pleas of Butler County which set aside the suspension of David J. Edwards' operating privileges. We reverse the trial court and reinstate the suspension.

On July 27, 1982, DOT notified Edwards that his operating privilege was being revoked for a period of six months for his conviction on May 26, 1982, for a violation of section 1543(a) of the Vehicle Code (Code), 75 Pa. C. S. §1543(a) (driving while operating privileges were suspended). Edwards appealed this departmental action to the common pleas court, and the appeal was sustained.

The documents in evidence at the trial showed that Edwards was convicted for a violation of section 1543(a) of the Code and that his wife paid the fine and costs of this violation.

The trial court held that as part of the *corpus delicti,* DOT had to conclusively show that Edwards was in fact guilty of committing the section 1543(a) offense, and that DOT failed to meet this burden. The trial court took evidence on this point.

An operator's driving privilege may be suspended by DOT, after a hearing, when the record shows that such person has been convicted of certain violations. Thus, when the Secretary of DOT receives a report of convictions, he *must,* in certain instances, suspend the license of the operator. He has no discretion.

There is only one issue involved in this case, and that is whether Edwards was convicted of operating his motor vehicle while his license was suspended. Upon appeal to the trial court where the proceeding is *de novo,* the trial court's scope of review is limited to determining whether the motorist has, in fact, been convicted of a traffic violation and whether the Bureau of Traffic Safety has faithfully observed provisions of the Vehicle Code in suspending the motorist's driving privileges. *Department of Transportation, Bureau of Traffic Safety v. Schmidt,* 57 Pa. Commonwealth Ct. 318, 426 A.2d 1222 (1981). The record constitutes *prima facie* evidence of convictions. The motorist may not go into the facts of his violation, because the issue is whether he was convicted, not whether he should have been convicted. The merit of the suspension is not a matter for determination by the court. A criminal conviction may not later be attacked collaterally in a suspension appeal. *Virnelson Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 359, 243 A.2d 464 (1968); *Department of Transportation, Bureau of Traffic Safety v. Brown,* 31 Pa. Commonwealth Ct. 620, 377 A.2d 1027 (1977); *Department of Transportation, Bureau of Traffic Safety v. Siedlecki,* 7 Pa. Commonwealth Ct. 130, 300 A.2d 287 (1973).

A conviction occurs when there is a finding of guilt and sentence is imposed. It is not the payment of a fine or a question of who paid the fine which is at issue in determining what constitutes a conviction. The record shows that Edwards admitted at the court hearing that he was aware of the charge, but that he failed to take an appeal when he discovered that his wife paid the fine. "[T]he Commonwealth is not required to prove who actually paid the fine and costs. The lower court therefore was in error . . . in shifting that burden to the Commonwealth to go forward with proof beyond the records

46

of convictions." *Siedlecki,* 7 Pa. Commonwealth Ct. at 133, 300 A.2d at 289.

Accordingly, we reverse the trial court and reinstate the suspension.

ORDER

Now, January 8, 1987, the order of the Court of Common Pleas of Butler County, MsD. No. 82-071, Book 43, Page 80, dated December 20, 1982, is reversed, and the suspension of David J. Edwards' operating privileges is reinstated.