525 A.2d 863

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Thomas John Didyoung, Appellee.

Submitted on briefs October 30, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Harold H. Cramer*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE BLATT, May 13, 1987:

The Commonwealth of Pennsylvania, Department of Transportation (DOT), appeals the order of the Court of Common Pleas of Monroe County (trial court), which amended and reduced DOT's twelve-month suspension of the driver's license of Thomas John Didyoung (appellee). The suspension was ordered because of his conviction[1] for driving under the influence, pursuant to Section 1532(b)(3) of the Vehicle Code (Code).[2]

The sole issue before us is whether or not the trial court possessed the authority to reduce the legislatively-mandated period of suspension set forth in Section 1532(b)(3).

---

[1] Under the criminal provisions of 75 Pa. C.S.A. §3731, a conviction includes a suspension of operator privileges for not less than one month but not more than twelve months. As a result of a plea bargain, the appellee pled guilty to the underlying criminal charge and received, *inter alia,* a six-month suspension of his operator's privileges. The trial court, *in the civil matter from which this appeal arose,* reasoned that, inasmuch as the criminal charges resulted in a six-month suspension, the civil suspension was required to be coextensive.

[2] Section 1532(b)(3), 75 Pa. C. S. §1532(b)(3), pertinently provides that "[t]he department *shall* suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance). . . ." (Emphasis added.)

Judicial review of an administrative suspension of a driver's license is limited to determining whether or not the motorist has been convicted and whether or not DOT has faithfully observed the provisions of the Code in issuing the suspension. *Kuzar v. Department of Transportation,* 96 Pa. Commonwealth Ct. 626, 508 A.2d 397 (1986). The record here clearly demonstrates that the appellee was convicted as charged and that DOT has properly applied the relevant provisions of the Code.[3] Under such circumstances, we must conclude that the trial court erred in reducing the statutorily prescribed sentence.[4]

Accordingly, we will reverse the order of the trial court and we will reinstate the twelve-month suspension imposed by DOT.

### ORDER

AND NOW, this 13th day of May, 1987, the order of the Court of Common Pleas of Monroe County, in the above-captioned matter, is reversed and the suspension of Thomas John Didyoung's driver's license, as imposed by the Department of Transportation, is reinstated.

---

[3] *See* footnote 2.

[4] Our review here includes, *inter alia,* errors of law. *In Re: Appeal of Finkelstein,* 73 Pa. Commonwealth Ct. 417, 458 A.2d 326 (1983).