544 A.2d 109

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Andrea S. Daniels, Appellee.

Submitted on briefs March 31, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, *John L. Heaton,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE PALLADINO, July 18, 1988:

The Commonwealth of Pennsylvania, Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) which reduced DOT's 60-day suspension of Andrea S. Daniels' (Appellee) driver's license to 30 days. For the reasons that follow, we reverse and reinstate the 60-day suspension.

On August 18, 1986, Appellee pleaded guilty to violating Section 3345(a) of the Vehicle Code, 75 Pa. C. S.

§3345(a).[1] As a result, Appellee's operating privilege was scheduled to be suspended for 60 days as mandated by section 1535(a) of the Vehicle Code, *as amended,* 75 Pa. C. S. §1535.[2] Appellee appealed the suspension to the trial court and a hearing *de novo* was held on March 19, 1987.

At the hearing, Appellee admitted to pleading guilty and to committing the violation.[3] The trial court reduced the suspension period to 30 days because Appellee "expressed her remorse and impressed the Court with her sincerity and responsibility as a driver."[4] On appeal to this Court, DOT asserts that the trial court abused its discretion and erred as a matter of law when

---

[1] Section 3345(a) of the Code, in pertinent part, provides: [T]he driver of a vehicle meeting or overtaking any school bus stopped on the highway shall stop at least ten feet before reaching the school bus when the red signal lights of the school bus are flashing. The driver shall not proceed until the flashing red signal lights are no longer actuated.
. . .

[2] Section 1535, in pertinent part, provides:
A point system for driver education and control is hereby established which is related to other provisions for use, suspension and revocation of the operating privilege as specified under this title. Every driver licensed in this Commonwealth who is convicted of any of the following offenses *shall* be assessed points as of the date of violation in accordance with the following schedule: . . . §3345(a) Failure to stop for school bus with flashing red lights. . . . 5 points (and 60 days suspension). (Emphasis added.)

[3] Appellee testified as follows:
The Court: Why did you pay the fine if you were not guilty of the offense?
Ms. Daniels: I Was [sic] guilty. I pulled over immediately when I realized I had passed the school bus, and I realized that it was, you know, a serious violation.
N.T. at 3.

[4] *Commonwealth v. Daniels* (No. 2253, December Term, 1986, filed July 2, 1987), slip op. at 1.

it reduced Appellee's suspension period after it found that she had been convicted of the offense.

Our scope of review of a common pleas court decision in a motor vehicle license suspension case is limited to a determination of whether the findings of fact are supported by competent evidence, errors of law have been committed or the court's decision demonstrates a manifest abuse of discretion. *Books v. Department of Transportation, Bureau of Driver Licensing,* 109 Pa. Commonwealth Ct. 25, 530 A.2d 972 (1987).

The authority of a trial court in reviewing an administrative suspension of a motorist's driver's license is limited to determining whether the motorist has been convicted and whether DOT has faithfully observed the provisions of the Vehicle Code in issuing the suspension. *Department of Transportation, Bureau of Driver Licensing v. Didyoung,* 106 Pa. Commonwealth Ct. 118, 525 A.2d 863 (1987). It does not include authority to reduce legislatively-mandated periods of suspension. *Id.*

The record here clearly indicates that Appellee was convicted as charged and DOT properly applied the appropriate Vehicle Code provisions. The trial court exceeded its authority in modifying the legislatively-mandated suspension. *See Department of Transportation, Bureau of Driver Licensing v. Miller,* 107 Pa. Commonwealth Ct. 458, 528 A.2d 1030 (1987). Accordingly, we reverse the order of the trial court and reinstate the 60-day suspension imposed by DOT.

## ORDER

AND NOW, July 18, 1988, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed. The 60-day suspension by the Department of Transportation of Appellee's driver's license is reinstated.