545 A.2d 1000

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* William Reilly, Appellee.

Submitted on briefs March 21, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

*Edward P. Zemprelli,* for appellee.

OPINION BY SENIOR JUDGE NARICK, August 17, 1988:

The Department of Transportation, Bureau of Driver Licensing (Department) has appealed from an order of the Court of Common Pleas of Allegheny County sustaining William Reilly's (Appellee's) driver's license suspension appeal.

Appellee, a 17-year old minor, received a notice of suspension of his driving privileges for one year for failure to submit to a breathalyzer test. Appellee appealed the suspension to the court of common pleas. At the hearing scheduled on October 28, 1986, Appellee's counsel informed the civil division trial judge that another judge of the juvenile division of the Allegheny County common pleas court had entered an order on July 14, 1986 which disposed of the matter, in that that judge had determined that Appellee had not refused to take the test. Believing himself to be bound by that order because of our Supreme Court's decision in *Yudacufski v. Department of Transportation,* 499 Pa. 605, 454 A.2d 923 (1982), the trial judge declined to take testimony and sustained the appeal.

On appeal to this Court, the Department argues that the juvenile division judge did not have jurisdiction over the license suspension aspect of Appellee's case and that any order he entered with respect thereto would be a nullity. Therefore, the trial court judge should have held a hearing *de novo* on Appellee's statutory appeal and rendered a decision on the merits. We agree that a *de novo* hearing is required and remand.

In *Yudacufski,* our Supreme Court held[1] that "absent the most compelling circumstances, a judge should follow the decision of a colleague on the same court when based on the same set of facts." 499 Pa. at 612, 454 A.2d at 926. We believe that a determination that a *de novo* hearing was not held constitutes a compelling circumstance which the court was bound to consider.

Jurisdiction over license suspension appeals is vested in the courts of common pleas by statute. *See* Section 933(a)(ii) of the Judicial Code, 42 Pa. C. S. §933(a)(ii); Section 1550 of the Vehicle Code, 75 Pa. C. S. §1550. We have held that the provisions of Section 1550 mandate a *de novo* review of the merits of a case before a common pleas court judge. *Liebler v. Department of Transportation, Bureau of Traffic Safety,* 83 Pa. Commonwealth Ct. 270, 476 A.2d 1389 (1984). Here, the juvenile division judge was apparently[2] proceeding under the terms of the Juvenile Act,[3] which, as the Department points out, is concerned with criminal acts by juveniles.[4] As we have held numerous times, license suspension appeals are civil in nature and separate from any underlying criminal proceedings. *Hando v. Commonwealth,* 84 Pa. Commonwealth Ct. 63, 478 A.2d 932 (1984); *Wisniewski v. Commonwealth,* 73 Pa. Commonwealth Ct. 318, 457 A.2d 1334 (1983).

---

[1] The issue in *Yudacufski* was whether a change of venue was required in an eminent domain proceeding involving a coal company, where local bias against coal companies existed.

[2] We do not have the benefit of the record of those proceedings.

[3] 42 Pa. C. S. §§6301-6365.

[4] *See, e.g.,* 42 Pa. C. S. §6301(b)(2) (declaring that a purpose of the act is to remove from children committing delinquent acts the consequences of criminal behavior); 42 Pa. C. S. §6302 (definition of delinquent act includes an act designated as a crime, but does not include summary offenses).

Appellee argues that summary offenses or Vehicle Code violations may properly be determined in the juvenile division, relying upon *Commonwealth v. Alan D.*, 291 Pa. Superior Ct. 298, 435 A.2d 1231 (1981) and *Commonwealth v. Kirk J.*, 293 Pa. Superior Ct. 487, 439 A.2d 680 (1981). These cases are readily distinguishable. *Alan D.* involved a 12-year old child who was found guilty of criminal mischief. The Superior Court found that the juvenile division had jurisdiction because the child was involved in a criminal proceeding. In *Kirk J.*, a 15-year old boy was found guilty of driving without a license, attempting to flee and driving an unregistered vehicle. His appeal to the civil division of common pleas court was transferred to the juvenile division because of Section 6303 of the Vehicle Code, 75 Pa. C. S. §6303, which provides that anyone *over* 16 years of age shall have the same rights as an adult and may be prosecuted as an adult for summary offenses. Here, Appellee was 17 years old at the time of the incident. More importantly, the matter here at issue, Appellee's license suspension, is "an independent civil proceeding separate and distinct from any criminal charges [which may be] brought against a motorist." *Hando*, 84 Pa. Commonwealth Ct. at 71, 478 A.2d at 936.

Appellee further argues that the juvenile division order is final and may not be attacked collaterally in this proceeding. For this proposition, he relies on *Commonwealth ex. rel. Cook v. Cook*, 303 Pa. Superior Ct. 61, 449 A.2d 577 (1982), wherein the Superior Court, in an action for child support, stated: " '[A]lthough a court may have no jurisdiction over a particular subject matter, it may have jurisdiction to determine the question of its own jurisdiction, and an unappealed final determination of its subject matter jurisdiction—albeit erroneous—is *res judicata* as to those litigants.' " *Id.*, 303 Pa. Superior Ct. at 68, 449 A.2d at 581 (citation omitted).

This argument, of course, assumes that the Department was a party to the prior proceeding and that it had an opportunity to object. There is no indication that such is the case. Indeed, the trial court's opinion seems to indicate that the Department was merely forwarded a copy of the July 14 order after its entry in order to "permit [it] to reinstate [Appellee's] operating privilege." For *res judicata* to prevail, of course, there must be a concurrence of the identity of the thing sued upon, cause of action, parties to the action, and quality or capacity of the parties. *See, e.g., Calesnick v. Commonwealth*, 114 Pa. Commonwealth Ct. 292, 538 A.2d 989 (1988). None of these appear to have been present in this instance; accordingly, the doctrine is inapplicable.

Our decisions have enumerated the elements the Department must prove in order for a court to uphold a suspension. *See, e.g., Hando.* Obviously, one of the functions of the hearing *de novo* is to elicit testimony on these points. Because the trial court erred in failing to conduct such a hearing, at which both parties would have been given an opportunity to be heard, we must vacate its order and remand for a hearing on the merits.

## ORDER

AND NOW, this 17th day of August, 1988, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby vacated and remanded for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.