547 A.2d 503

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Howard Louis Key, Jr., Appellee.

Submitted on briefs April 12, 1988, to Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

*Howard Louis Key, Jr.,* appellee, for himself.

OPINION BY SENIOR JUDGE KALISH, September 9, 1988:

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals from an order of the Court of Common Pleas of Philadelphia County which sustained appellee's, Howard Louis Key, Jr., appeal from a six-month revocation of his driving privileges. We reverse the trial court and reinstate the suspension.

Appellee was cited for a violation of section 1543(a) of the Vehicle Code, 75 Pa. C. S. §1543(a) (driving while operating privileges were suspended). DOT received a certified record of appellee's conviction for this offense dated September 17, 1986, indicating that the fine and costs had been paid. DOT revoked appellee's operating privileges for a period of six months (since amended to one year).

The trial court sustained appellee's appeal because there was some doubt as to who paid the fine and whether or not appellee had been properly suspended in the first place. The trial court's scope of review is limited to determining whether the motorist has actually been convicted of a traffic violation and whether DOT has faithfully observed the provisions of the Vehicle Code in suspending the motorist's operating privileges. The trial court may not consider the question of whether the motorist should have been convicted. *Department of Transportation, Bureau of Traffic Safety v. Schmidt*, 57 Pa. Commonwealth Ct. 318, 426 A.2d 1222 (1981). Here, the trial court was in error.

The payment of the fine was a plea of guilty. However, the payment of the fine is not the issue here. The issue here is whether appellee has, in fact, been convicted. *Department of Transportation, Bureau of Traffic Safety v. Edwards*, 103 Pa. Commonwealth Ct. 43, 519 A.2d 1083 (1987).

Furthermore, a conviction may not be attacked collaterally in a suspension appeal. *Department of Transportation, Bureau of Traffic Safety v. Siedlecki*, 7 Pa. Commonwealth Ct. 130, 300 A.2d 287 (1973).

Accordingly, we reverse the trial court and reinstate the suspension.

### ORDER

NOW, September 9, 1988, the order of the Court of Common Pleas of Philadelphia County, No. 1230 December Term, 1986, dated March 19, 1987, is reversed; and the suspension of appellee's motor vehicle operating privileges is reinstated.