588 A.2d 1332

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Leonard S. FIORE, Jr., Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 12, 1990.

Decided March 28, 1991.

David R. White, Asst. Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for appellant.

Leonard S. Fiore, Jr., Altoona, pro se.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, SMITH, KELLEY and BYER, JJ.

KELLEY, Judge.

Before us for consideration is an appeal by the Department of Transportation, Bureau of Driver Licensing (department) from an order of the Court of Common Pleas of Blair County which reduced the department's suspension of Leonard S. Fiore, Jr.'s (Fiore) operating privilege from fifteen to ten days. We affirm.

On July 10, 1988, Fiore was charged with a violation of Section 3362 of the Vehicle Code, 75 Pa.C.S. § 3362 (exceeding the speed limit), for traveling 73 miles per hour in a 40 mile-per-hour zone. The department scheduled a hearing for December 7, 1988 which was rescheduled for February 15, 1989 at Fiore's request.

At the departmental hearing, Fiore testified that he had exceeded the speed limit because he was late for a social event for which he had already paid. The department presented evidence that Fiore had received three citations for exceeding the speed limit between January of 1983 and August of 1985, and that he had been convicted for each of these offenses. The hearing examiner found that Fiore's justification for speeding 33 miles per hour above the speed limit was insufficient.

On March 2, 1989, the department mailed an official notice to Fiore which imposed a fifteen-day suspension of his operating privileges, effective April 6, 1989 pursuant to 75 Pa.C.S. § 1538(d).[1]

---

1. Section 1538(d) provides:

(1) When any person is convicted of driving thirty-one miles per hour or more in excess of the speed limit, the department shall require the person to attend a departmental hearing. The hearing examiner may recommend one or more of the following:

(i) That the person be required to attend a driver improvement school.

(ii) That the person undergo an examination as provided for in Section 1508.

(iii) That the person have his driver's license suspended for a period not exceeding fifteen days.

Fiore appealed the suspension to the Court of Common Pleas of Blair County on April 3, 1989. The trial judge considered testimony from both Fiore and the department, and documentary evidence presented by the department at a de novo hearing on June 29, 1989. Fiore argued that the suspension was unfair and too severe in light of his driving record over the past twenty-six years.

The department emphasized that this was Fiore's fourth violation in five years. The trial judge stated that although Fiore had clearly violated the statute, she was inclined to alter Fiore's suspension. Counsel for the department then explained that a fifteen-day suspension is generally given rather than a suspension of some shorter duration, because it is almost impossible for the department to process a suspension in less than fifteen days. The trial judge pointed out that the statute allowed for suspensions of less than. fifteen days and reduced Fiore's suspension from fifteen days to ten days because "it seems very unfair to give him the maximum penalty just because of the PennDot's physical incapability...." This appeal followed.

Our scope of review of a common pleas court decision in a motor vehicle license suspension case is limited to determination of whether the findings of fact are supported by competent evidence, errors of law have been committed, or the court's decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Daniels*, 117 Pa.Commonwealth Ct. 640, 544 A.2d 109 (1988).

Traditionally, the authority of trial courts conducting de novo review of license suspensions has been limited to determining whether a motorist has been convicted, and whether the department has faithfully observed the provisions of the Vehicle Code in issuing a suspension. *Id.* Such review does not include authority to modify the penalty imposed, especially where the penalty is legislatively mandated. *Id.* The case before us is distinguishable from *Daniels* and other traditional cases for two reasons. First,

the penalty imposed here was not legislatively mandated. Second, the department's counsel admitted that the length of Fiore's suspension was not necessarily based on the severity of his violation. Therefore, the issue here is whether the traditional restrictions on the scope of de novo review apply where the department has discretion to choose from a range of penalties and admits that the length of suspension imposed was based on administrative considerations, rather than on the severity of the violation. We believe that they do not, and hold that in such situations the trial court may modify the penalty imposed.

Because the definition of de novo review applied in driver's license suspension cases was developed in cases involving suspensions of liquor and motor vehicle inspection licenses, a brief review of recent developments in those areas is warranted. This Court has customarily cited *Department of Transportation, Bureau of Traffic Safety v. Kobaly,* 477 Pa. 525, 384 A.2d 1213 (1978), an inspection license suspension case, for the proposition that a trial court may not modify penalties imposed by the department, unless it makes findings of fact and conclusions of law which are different from those made by the department. This reasoning was adopted from the Pennsylvania Supreme Court's decision in *In re Carver House, Inc.,* 454 Pa. 38, 310 A.2d 81 (1973), a case involving the suspension of a liquor license pursuant to Section 4–471 of the Liquor Code.[2]

The Pennsylvania Supreme Court recently overruled *In re Carver House* by holding that the trial court conducting a de novo review in an appeal from a decision of the Liquor Control Board is authorized to alter, change, modify, or amend the penalty of the board, regardless of whether it makes findings materially different from those of the board. *Adair v. Pennsylvania Liquor Control Board,* 519 Pa. 103, 546 A.2d 19 (1988). *Adair* is not applicable here, nor does it undermine the continued viability of *Kobaly,*

2. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4–471.

given the limited scope of the Court's holding in *Adair.*[3] However, this does not prevent us from holding that trial courts conducting de novo review of license suspensions under Section 1550 of the Vehicle Code may modify the penalty imposed by the department where the department abuses its discretion when choosing from a range of possible penalties provided by statute.

The Pennsylvania Constitution, article V, section 9, provides for a right of appeal from an administrative agency to a court of record. *Department of Transportation, Bureau of Traffic Safety v. Quinlan,* 47 Pa.Commonwealth Ct. 214, 408 A.2d 173 (1979). Jurisdiction of license suspension appeals is vested in the courts of common pleas by statute. *See* Section 933(a)(ii) of the Judicial Code, 42 Pa.C.S. § 933(a)(ii); Section 1550 of the Vehicle Code, 75 Pa.C.S. § 1550. *Department of Transportation, Bureau of Driver Licensing v. Reilly,* 118 Pa.Commonwealth Ct. 608, 545 A.2d 1000 (1988). Section 1550 of the Vehicle Code mandates a de novo review for the merits of a case before a common pleas court judge. *Id.*

This Court has defined de novo review as a full consideration of the case at another time. *Civitello v. Department of Transportation, Bureau of Traffic Safety,* 11 Pa.Commonwealth Ct. 551, 315 A.2d 666 (1974). The court of common pleas is substituted for the secretary and re-decides the case. *Id., see also Commonwealth v. Virnelson,* 212 Pa.Superior Ct. 359, 243 A.2d 464 (1968). Other jurisdictions have characterized hearings de novo as hearings in which the court sits as a court of original rather than appellate jurisdiction. *Collier & Wallis v. Astor,* 9 Cal.2d

3. The Supreme Court's holding is confined to license suspensions under Section 4–471 of the Liquor Code because it was specifically based on the following language of Section 4–471:

Upon appeal, the court so appealed to shall, in the exercise of its discretion, sustain, reject, alter or modify the findings, conclusions and penalties of the board, based on the findings of fact and conclusions of law as found by the court....

This language was deleted when Section 4–471 was reenacted and amended on June 29, 1987.

202, 70 P.2d 171 (1937); *Stoner v. Presbyterian University Hospital,* 609 F.2d 109 (C.A.Pa. 3rd Cir.1979).

When an administrative agency acts in a dual capacity, both as prosecutor and judge, this twin function creates a potential for prejudice, because the agency can never be totally unbiased. *Belasco v. Board of Public Education,* 510 Pa. 504, 510 A.2d 337 (1986). Early in this Court's history, we adopted the position that because of the mushrooming of authorities at all levels of government and the frequent complaints that the agencies arbitrarily or capriciously and unintentionally ignore or violate rights which are ordained or guaranteed by the federal and state constitutions and established law, it is imperative that a check rein be kept upon them. *See Redevelopment Authority of the City of Erie v. Owners or Parties in Interest,* 1 Pa.Commonwealth Ct. 378, 274 A.2d 244 (1971), (citing *Schwartz v. Urban Redevelopment Authority of Pittsburgh,* 411 Pa. 530, 192 A.2d 371 (1963)).

Hearings de novo overcome the inherent bias which arises when an administrative agency serves the twin functions of prosecutor and judge by providing an opportunity to have the facts of one's case heard again in an independent forum by a neutral fact finder. *Belasco.* By granting the right to a hearing de novo in appeals from suspensions of operating privileges, the legislature intended to afford the trial court broad discretionary powers in the interest of the administration of justice. *Appeal of Handwerk,* 348 Pa. 263, 35 A.2d 289 (1944); *In re Moyer,* 359 Pa. 536, 59 A.2d 927 (1948). In such cases, de novo review provides a check on the department and protects defendants against the arbitrary exercise of power by the secretary. *Virnelson; see also Commonwealth v. Cronin,* 336 Pa. 469, 9 A.2d 408 (1939).

The Superior Court reviewed the scope of discretion afforded the Secretary of Transportation and the courts of common pleas with regard to driver's license suspensions in *Virnelson,* and indicated that as the secretary's discretion with respect to penalties increased, the discretion of the trial court also increased.

The fact that a motorist is found guilty of violating the Vehicle Code is of no real consequence until the penalty for that violation is imposed. Therefore, it is the authority to impose sanctions, and the potential for abuse of discretion in doing so, which impacts most significantly on Pennsylvania motorists. In cases such as the one before us, our traditional interpretation of de novo review severely impedes the ability of trial courts to ensure the administration of justice by precluding modification in situations where justice requires modification.

■ Here, the department, admitting that the duration of the penalty imposed is often based on administrative concerns rather than on the severity of one's violation of the Vehicle Code, abused its discretion by imposing the maximum suspension provided for in Section 1538(d). Such an arbitrary exercise of power is clearly the type of abuse against which de novo review was intended to protect.

In order for trial courts to provide forums which are true and effective checks on the department, the broad discretion granted them to ensure the administration of justice by protecting drivers against the arbitrary exercise of power by the department must extend beyond a mere review of the facts to the modification of sanctions imposed where, as here, the department has abused its discretion when choosing from the range of penalties provided. Without such authority, a trial court's ability to protect against abuse of discretion by the department would be meaningless.

Accordingly, the order of the trial court is affirmed.

## ORDER

NOW, this 28th day of March 1991, the order of the Court of Common Pleas of Blair County, No. 664 C.P. 1989, dated June 30, 1989, is affirmed.

BYER, J., concurs in result only.

PALLADINO, J., dissents with an opinion joined by SMITH, J.

PALLADINO, Judge, dissenting.

I respectfully dissent.

Fiore was convicted of speeding in violation of Section 3362(a) of the Vehicle Code, 75 Pa.C.S. § 3362(a). DOT then suspended his license for 15 days. Fiore appealed, and the trial court, after a de novo hearing, reduced the period of the suspension from 15 days to 10 days. The issue addressed by the majority to resolve the appeal concerned the trial court's authority to modify a penalty imposed by DOT after the trial court hears the matter de novo. The majority concluded that the trial court has such authority. We respectfully disagree.

This court has consistently held that:

Upon appeal to the trial court, where the proceeding is de novo, the trial court's scope of review is limited to determining whether the motorist has, in fact, been convicted of a traffic violation and whether the Bureau of Traffic Safety has faithfully observed the provisions of the Vehicle Code in suspending the motorist's operating privileges.

*Department of Transportation, Bureau of Traffic Safety v. Edwards*, 103 Pa.Commonwealth Ct. 43, 45, 519 A.2d 1083, 1084 (1987).

The court has been equally consistent in holding that: A trial court is empowered to modify a penalty if it makes findings of fact and conclusions of law which are different from those of an administrative agency.

. . . .

However, when that court finds that the party charged has committed the violation for which the penalty was imposed, it is a manifest abuse of discretion for it to modify the penalty because it disagrees with it.

. . . .

It 'may not, because of the possible unfairness or inequity of the result, reverse the [Department] or modify the penalties imposed.'

*Department of Transportation, Bureau of Driver Licensing v. Miller*, 107 Pa.Commonwealth Ct. 458, 460, 528 A.2d 1030, 1031–32 (1987) (citations omitted).

Although the trial court's result obviously contradicts well-settled law, the majority would affirm. The majority focuses on the fact that DOT generally applies the maximum penalty available under the statute, and faults the reason that DOT gave for this practice, which is that it is almost impossible for DOT to process a suspension in less than 15 days. The majority considers DOT's practice to be arbitrary and an abuse of discretion. Therefore, the majority attempts to remedy the situation by amending the law to allow trial courts to modify penalties after de novo hearings.

The majority reasons as follows:

Hearings de novo overcome the inherent bias which arises when an administrative agency serves the twin functions of prosecutor and judge by providing an opportunity to have the facts of one's case heard again in an independent forum by a neutral fact finder.

. . . .

By granting the right to a hearing de novo in appeals from suspensions of operating privileges, the legislature intended to afford the trial court broad discretionary powers in the interest of the administration of justice.

Maj. op. at 602 (citations omitted).

In attempting to curb possible abuses of discretion by DOT, the majority completely ignores the reasoning behind the existing law. This court addressed the issue of whether a trial court may modify a penalty imposed by DOT after a de novo hearing in a license suspension appeal in *Commonwealth v. McCartney*, 2 Pa.Commonwealth Ct. 540, 279 A.2d 77 (1971). The court stated the following:

It is an erroneous concept that under the guise of a *de novo* hearing, a Common Pleas court can not only examine the facts of a case to determine whether the appellant actually deserves his suspension, but can additionally

modify the suspension period promulgated by the Secretary. Knowing this full well, some lower courts ... simply reverse the suspension altogether. To do so, or to modify the suspension, infringes upon the discretion vested in the Secretary and amounts to a manifest abuse of discretion ... Thus, the Supreme Court in *Commonwealth v. Moogerman*, 385 Pa. 256, 259, 122 A.2d 804, 806 (1956) has said, 'The decision of the County Court in the case at bar, if unreversed, would tend to give ballast to the unsubstantiated notion that the Courts may be called upon to function as ex officio pardon boards to mitigate the penalties which the Legislature empowered the Secretary of [Transportation] to impose under given conditions.'

*Id.*, 2 Pa.Commonwealth Ct. at 546, 279 A.2d at 80.

The majority opinion sets forth a position which would have the effect of transforming trial courts into 'pardon boards', and will "promote favoritism and undermine uniform enforcement of the law." *Miller*, 107 Pa.Commonwealth Ct. at 461, 528 A.2d at 1032.

The supreme court recently considered in a different procedural posture the question of court modification of an agency's penalty and provided helpful guidance for resolution of the problem at hand.[1] The supreme court, in holding that Commonwealth Court had exceeded its authority in modifying an order of The State Board of Medical Education and Licensure, used language supportive of the rationale employed in *Edwards* and *Miller:*

Commonwealth Court's approach, left unchecked, would swallow up the whole system of administrative adjudications, in which administrative bodies having expertise in specific areas of law are entrusted to fashion administrative remedies that are fair and appropriate. Absent abuses of the sort specified in the Administrative Agency Law, or *Blumenschein* [*v. Pittsburgh Housing Authority*, 379 Pa. 566, 109 A.2d 331 (1954)], appellate courts

---

1. *Slawek v. Commonwealth of Pennsylvania, State Board of Medical Education and Licensure*, 526 Pa. 316, 586 A.2d 362 (1991).

should exercise judicial restraint in reviewing administrative orders.

*Id.* 526 Pa. at 316, 586 A.2d at 366.

Although we note that there is a basic procedural distinction between the case at bar and *Slawek,* here we are considering de novo proceedings before a trial court, whereas *Slawek* concerns an agency adjudication statutorily before this court for review, the language from *Slawek* cannot be ignored.

For the foregoing reasons, the decision of the trial court should be reversed and the 15 day suspension imposed by DOT reinstated.

SMITH, J., joins this dissent.