625 A.2d 1333

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**Arbie BANKSTON, Jr., Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 8, 1993.

Decided May 26, 1993.

128

Timothy P. Wile, Asst. Counsel In–Charge of Appellate Section, for appellant.

No appearance for appellee.

Before CRAIG, President Judge, and DOYLE and FRIEDMAN, JJ.

DOYLE, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals from an order of the Court of Common Pleas of Allegheny County remanding an operator's license suspension appeal to DOT with direction to impose the lesser sanction of requiring a special driver's examination. DOT contends that the trial court erred when it determined that DOT improperly ordered a fifteen-day suspension in this case. Because of the recently expanded role of the trial court in this area, we affirm its order.

The factual and procedural history of this case is summarized as follows. Arbie Bankston, Jr., was cited on November 5, 1990, for going ninety miles per hour in a fifty-five mile per hour zone. Bankston appeared before a magistrate and admitted that he might have been exceeding the speed limit but argued that he was not going as fast as ninety miles per hour. At that hearing, Bankston challenged both the calibration and proper functioning of the radar unit used to record his speed. Bankston was convicted, fined, and five points were assigned to his operator's license. Bankston was notified by DOT that, as a result of that conviction, he would be required to attend a departmental hearing.

The departmental hearing was held on May 16, 1991; Bankston testified that he estimated his speed on the date in question at seventy miles per hour and that he believed he was travelling in a sixty-five mile per hour zone. Bankston argued that his driving record was generally good as he had not been cited for a violation since 1985. DOT presented evidence of Bankston's conviction and his overall driving record. The hearing examiner told Bankston that DOT could

impose either a fifteen-day suspension or require a special driver's examination.  By letter dated May 31, 1991, DOT notified Bankston that based upon the hearing examiner's recommendation,[1] a fifteen-day suspension was being imposed. Bankston filed a timely appeal to the trial court.

■  At a de novo hearing before the trial court, Bankston testified that he recently had his vehicle examined and that his speedometer was "erratic," that he lived in a rural area where alternate transportation was not easily obtained and that he needed his vehicle for work.   (Notes of testimony [N.T.], 9/11/91, pp. 4–8.)   Bankston again argued that his driving record was generally good and that, having paid the fine for the conviction, he believed an additional punishment in the form of a fifteen day suspension was "just not fair."  (N.T., p. 8.)   The trial court concluded that there was no reason to impose the suspension in this case in light of the evidence of "additional circumstances" presented at the de novo hearing and remanded the case to DOT with direction that DOT impose the special driver's examination as the appropriate sanction.[2]

1.   Section 1538(d) of the Vehicle Code, 75 Pa.C.S. § 1538(d), specifically grants a hearing examiner the discretion to recommend, and DOT the discretion to impose, one or more of three sanctions when a person is convicted of operating a vehicle thirty-one miles per hour or more in excess of the speed limit:

**Conviction for excessive speeding.—**
(1) When any person is convicted of driving 31 miles per hour or more in excess of the speed limit, the department shall require the person to attend a departmental hearing.  The hearing examiner may recommend one or more of the following:
(i) That the person be required to attend a driver improvement school.
(ii) That the person undergo an examination as provided for in section 1508.
(iii) That the person have his driver's license suspended for a period not exceeding 15 days.
(2) The department shall effect at least one of the sanctions but may not increase any suspension beyond 15 days.
75 Pa.C.S. § 1538(d)(1)–(d)(2).

2.   We note that the order of the trial court remands this case to DOT with direction to impose a specific penalty from a list of possible penalties.   Ordinarily, remand orders are interlocutory and unappealable.   *Roth v. Borough of Verona*, 102 Pa.Commonwealth Ct. 550, 519

■ Our standard of review in motor vehicle operators license suspension cases is settled. When examining an appeal from a court of common pleas decision following a hearing de novo we will examine the decision to determine whether necessary findings are supported by competent evidence, an error of law has occurred or whether there has been a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Daniels*, 117 Pa.Commonwealth Ct. 640, 544 A.2d 109 (1988).

■ The trial court's role in these cases has recently been expanded. Previously, the trial court's authority to modify the penalty imposed was limited to instances where the hearing de novo resulted in different findings of fact than those found at the departmental hearing. *Department of Transportation, Bureau of Traffic Safety v. Kobaly*, 477 Pa. 525, 384 A.2d 1213 (1978). However, in *Department of Transportation, Bureau of Driver Licensing v. Fiore*, 138 Pa.Commonwealth Ct. 596, 588 A.2d 1332 (1991), we redefined the appropriate role of the trial court when reviewing license suspensions in cases involving departmental discretion as to the sanction to be imposed in light of the purpose of de novo reviews. We held in *Fiore* that the trial court's de novo review acts as a check on the arbitrary exercise of administrative power, and fulfills the legislative intent to grant "the trial court broad discretionary powers in the interest of the administration of justice." De novo review is a "full consideration of the case at another time." *Id.* at 601, 588 A.2d at 1334. We explained the trial court's expanded role as follows:

In order for the trial courts to provide forums which are true and effective checks on the department, the broad discretion granted them to ensure the administration of justice by protecting drivers against the arbitrary exercise of power by the department must extend beyond a mere review of the facts to the modification of sanctions imposed

A.2d 537 (1986). Where, however, a trial court's remand order directs that a particular adjudication be adopted, it is appealable. *Clapsaddle v. Bethel Park School District*, 103 Pa.Commonwealth Ct. 367, 520 A.2d 537 (1987).

where, as here, the department has abused its discretion when choosing from the range of penalties provided. Without such authority, a trial court's ability to protect against abuse of discretion by the department would be meaningless.

*Id.* at 603, 588 A.2d at 1335. We also disapproved sanctions based upon administrative concerns rather than the severity of the offense involved.[3] Thus, *Fiore* requires the trial court to determine if DOT has treated each case individually when it has discretion as to which penalty to impose. The statutory grant of discretion to DOT and the hearing examiners carries with it an obligation to exercise that discretion based upon the individual facts of the case. If the trial court, upon consideration of all the facts of the case, determines that DOT has abused its discretion, it can modify the sanction imposed. A blanket rule improperly restricting the exercise of discretion is such an abuse. *Fiore.*

As noted above, following the de novo hearing where Bankston testified as to the problem with his speedometer and the difficulties a suspension would impose given his circumstances, the trial court remanded to DOT with direction to impose the lesser penalty of the special driver's examination. The trial court explicitly stated:

We see no reason to impose the suspension in this case. Defendant is not an habitual offender, nor was this particular offense as egregious as previously thought, in light of additional circumstances....

(Trial Court Opinion, p. 1.) This complies with the trial court's obligation under *Fiore* to examine the penalty imposed by DOT in light of the severity of the offense after a full reconsideration of the case.

DOT attempts to distinguish *Fiore* by arguing it is limited to instances where the penalty imposed is solely based on administrative concerns. We disagree. *Fiore* criticized

3. *Fiore* involved a DOT policy of never imposing a suspension of less than fifteen days because it would be difficult to process the shorter suspensions. *Fiore*, 138 Pa.Commonwealth Ct. at 599, 588 A.2d at 1333.

DOT's asserted justification for imposing a fifteen-day suspension: the mere impossibility of processing a suspension of lesser duration. The import of *Fiore,* however, is not limited to its precise facts. Implicit in its discussion of the nature of *de novo* review and the protection it offers those affected by administrative decisions is a recognition that the trial court can and should act in the interest of the administration of justice.

■ Moreover, DOT admits to a somewhat similar justification for the suspension imposed on Bankston here:

> In the present matter, the Department suspended Bankston's operating privilege for fifteen days pursuant to its policy of suspending the operating privileges of all motorists who are convicted of exceeding a speed limit by 31 or more miles per hour for fifteen days.

(DOT brief, p. 21.) This DOT policy binds its hearing examiners to recommending a suspension in these cases. It is hard to reconcile this requirement with the language of Section 1538(d) of the Vehicle Code providing hearing examiners with a list of penalties from which they may choose. If a hearing examiner must always recommend a suspension regardless of the totality of the circumstances in a case, the discretion of the hearing examiner is really no discretion. While certainly administratively convenient, this policy does not comply with the hearing examiner's obligation under the statute as interpreted in *Fiore.*

DOT also cites a plethora of cases holding that the justification for the modification of the penalty imposed here, economic hardship due to the suspension and a malfunctioning speedometer, are insufficient to allow a modification of the penalty imposed by administrative authorities. Further, DOT cites cases holding that excessive speed alone can justify a suspension. These cases are all distinguishable because they predate the expansion of the trial court's role in *Fiore.*

■ Moreover, this argument does not address the fact that DOT's policy improperly restricts the hearing examiner's exercise of a statutory grant of discretion. Assuming, *arguendo,*

that *Fiore* did not change the import of the cases DOT cites, this improper restriction alone justifies the trial court's action.[4]

 DOT also argues that the trial court improperly substituted its judicial discretion for the administrative discretion of DOT. This argument overlooks the fact that DOT's policy binds its hearing examiners, preventing them from exercising the discretion provided by the Vehicle Code. In such a situation, the trial court's modification of the sanction imposed following a de novo hearing is not an impermissible usurpation of administrative discretion.

Affirmed.

## ORDER

NOW, May 26, 1993, the order of the Court of Common Pleas of Allegheny County, in the above-captioned matter is affirmed.

4. It is not clear whether the trial court based the penalty modification upon DOT's policy requiring a suspension in all such cases. We can however, affirm a correct result which is not based upon a correct analysis. *Friedlander v. Zoning Hearing Board of Sayre Borough,* 119 Pa.Commonwealth Ct. 164, 546 A.2d 755 (1988).