Justin B. GOLDSTEIN,

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 20, 1996.

Decided Nov. 14, 1996.

Reargument Denied Jan. 8, 1997.

Timothy P. Wile, Assistant Counsel In-Charge, and Harold H. Cramer, Assistant Chief Counsel, Harrisburg, for Appellant.

Paul G. Kay, Pittsburgh, for Appellee.

Before SMITH and FLAHERTY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department) appeals from the order of the Court of Common Pleas of Allegheny County (trial court) which sustained the appeal of Justin B. Goldstein (Licensee)

from a fifteen-day suspension of his operating privilege. We affirm.

On September 4, 1995, Licensee was cited for violating Section 3362 of the Vehicle Code, 75 Pa.C.S. § 3362 (relating to maximum speed limits) by driving ninety-eight miles per hour on a section of the Pennsylvania Turnpike that had a posted speed limit of sixty-five miles per hour. On October 18, 1995, Licensee was convicted of violating Section 3362 by driving at a speed of thirty-three miles per hour in excess of the posted limit. The district court transmitted the certification of Licensee's conviction to the Department on November 1, 1995.

By official notice dated November 14, 1995, the Department notified Licensee that, as a result of his conviction, five points had been assessed to his driving record; [1] the notice also informed Licensee that he was required to attend a Departmental hearing.

At a hearing on December 11, 1995, Licensee informed the hearing examiner that he had been driving for approximately eight years, that he drives approximately 15,000 miles per year and that this was his only violation in seven years. Licensee further stated that the violation occurred while he was attempting to get away from a tailgating car, which had stayed with him even after he changed lanes and slowed to a speed of approximately fifty miles per hour. According to Licensee, a truck cut in between the two cars and Licensee sped up to put some distance between himself and the truck.

The hearing examiner recommended that Licensee's operating privilege be suspended for fifteen days, pursuant to Section 1538(d) of the Vehicle Code, 75 Pa.C.S. 1538(d). The

Department adopted the hearing examiner's recommendation and so notified Licensee.

Licensee filed a statutory appeal with the trial court, which held a de novo hearing on March 20, 1996. The Department entered into evidence a packet of certified documents which included the Department's receipt of the electronic transmission of Licensee's conviction and the hearing examiner's report. The Department rested with the admission of its documents.

Licensee presented no testimony or evidence. However, his attorney argued that the fifteen-day suspension was discretionary, not mandatory, and that there was no reason for the most severe sanction provided under Section § 1538(d) to be imposed.[2] Licensee's counsel argued that a driver's examination would be a more appropriate sanction. The Department requested the trial court to impose an alternative sanction in the event that the trial court sustained Licensee's appeal.

The trial court noted that the imposition of a suspension under Section 1538(d) is discretionary and further stated that it had the authority to order an alternative sanction. The trial court concluded that the suspension would serve no reasonable purpose and that justice would be better served by requiring Licensee to submit to a driver's examination. So ordering, the trial court sustained Licensee's appeal.

On appeal to this Court,[3] the Department argues that the trial court erred as a matter of law and exceeded its scope of review by substituting its discretion for that of the Department.

Licensee maintains that the trial court's order was proper in light of this Court's

---

1. See Section 1535 of the Vehicle Code, 75 Pa. C.S. § 1535, relating to the assessment of points.

2. Section 1538(d) provides as follows:
   (1) When any person is convicted of driving 31 miles per hour or more in excess of the speed limit, the department shall require the person to attend a departmental hearing. The hearing examiner may recommend one or more of the following:
   (i) That the person be required to attend a driver improvement school.
   (ii) That the person undergo an examination as provided for in section 1508.

   (iii) That the person have his driver's license suspended for a period not exceeding 15 days.
   (2) The department shall effect at least one of the sanctions but may not increase any suspension beyond 15 days.

3. Our scope of review in a license suspension case is limited to determining whether the trial court's findings are supported by competent evidence, whether the trial court committed an error of law or whether the trial court's decision demonstrates a manifest abuse of discretion. *Department of Transportation v. Renwick*, 543 Pa. 122, 669 A.2d 934 (1996).

holdings in *Department of Transportation, Bureau of Driver Licensing v. Bankston,* 156 Pa.Cmwlth. 127, 625 A.2d 1333 (1993) and *Department of Transportation, Bureau of Driver Licensing v. Fiore,* 138 Pa.Cmwlth. 596, 588 A.2d 1332 (1991). In those decisions, we recognized the authority of a statutory appeals court to modify a discretionary sanction imposed under Section 1538(d) where the trial court determines that the Department abused its discretion.

Prior to our decision in *Fiore,* the authority of the trial courts conducting de novo review was limited to determining whether a motorist has been convicted and whether the Department has faithfully observed the provisions of the law in issuing a suspension. *Department of Transportation, Bureau of Driver Licensing v. Daniels,* 117 Pa.Cmwlth. 640, 544 A.2d 109 (1988).

In *Fiore,* the licensee appealed the imposition of a fifteen-day suspension imposed under Section 1538(d) to the trial court, arguing that the suspension was unfair in light of his driving record. Counsel for the Department explained to the trial judge that a fifteen-day suspension was generally given rather than a suspension for a shorter period, because it is almost impossible for the Department to process a suspension in less than fifteen days. The trial judge pointed out that the statute allowed for suspensions of less than fifteen days and reduced the suspension to ten days, reasoning that it was unfair to give the licensee the maximum penalty because of the Department's administrative difficulties.

On appeal, this Court affirmed, noting that early in our history we adopted the position that a "check rein" must be kept on administrative agencies where the agency acts in the dual capacity of both prosecutor and judge. *See Redevelopment Authority of the City of Erie v. Owners or Parties in Interest,* 1 Pa.Cmwlth. 378, 274 A.2d 244 (1971) (citing *Schwartz v. Urban Redevelopment Authority of Pittsburgh,* 411 Pa. 530, 192 A.2d 371 (1963)). The *Fiore* court stated that, in such cases, de novo review provides a check on the agency and protects defendants against the arbitrary exercise of power.

The *Fiore* court concluded that the traditional interpretation of de novo review "severely impedes the ability of trial courts to ensure the administration of justice by precluding modification in situations where justice requires modification." *Id.* at 1335. The court further noted the Department's admission that the duration of the penalty imposed is often based on administrative concerns rather than the severity of the violation. The *Fiore* court held that, under these circumstances, the imposition of the maximum suspension provided for in Section 1538(d) constituted an arbitrary exercise of power which was "clearly the type of abuse against which de novo review was intended to protect." *Id.*

In conclusion, the *Fiore* court stated:

> In order for trial courts to provide forums which are true and effective checks on the department, the broad discretion granted them to ensure the administration of justice by protecting drivers against the arbitrary exercise of power by the department must extend beyond a mere review of the facts to the modification of sanctions imposed where, as here, the department has abused its discretion when choosing from the range of penalties provided. Without such authority, a trial court's ability to protect against abuse of discretion by the department would be meaningless.

*Id.*

A similar result was reached by our court in *Bankston.* In that case, during the hearing before the trial court, the Department admitted it had a policy of imposing fifteen-day suspensions on the operating privileges of *all* motorists who are convicted of exceeding a speed limit by thirty-one or more miles per hour. The trial court remanded the suspension appeal to the Department with instructions to impose the lesser sanction of requiring a driver's examination, rather than a fifteen-day suspension.

On appeal, the *Bankston* court stated that if a hearing examiner must always recommend a suspension regardless of the circumstances in a case, the discretion of the hearing examiner is really no discretion at all. Affirming the trial court's decision, the *Bankston* court pointed out that the statutory grant of discretion to the Department and

its hearing examiners carries with it an obligation to exercise that discretion based upon the individual facts of each case.

The Department maintains that the present case is distinguishable from both *Fiore* and *Bankston* because here there is no evidence that the Department abused its discretion. However, Licensee argues that the reasoning given by the hearing examiner, "high speed [illegible] & nature of violation" (Department's Exhibit # 2), cannot be the proper basis for imposing the harshest sanction allowed because, according to Licensee, this reasoning is tantamount to a lack and/or abuse of discretion. We agree.

In *Bankston*, we interpreted *Fiore* as requiring the trial court to determine whether the Department has treated each case individually in cases where it has discretion as to which penalty to impose. We observe that in this case, the reason given by the hearing examiner is merely a recitation of the nature of the offense as defined by the statute, i.e., excessive speed. Moreover, every motorist who attends a Departmental hearing pursuant to Section 1538(d) has been convicted of driving thirty-one miles per hour or more in excess of the posted speed limit. Thus, the nature of the violation—high speed—is the same in every case. Neither the hearing examiner nor the Department provided any basis for imposing the fifteen-day suspension other than the circumstances which, by statutory definition, are present in every case.

We recognize that the facts here are distinguishable from those presented in *Fiore* and *Bankston*, in that no administrative concerns or statements of policy have been admitted by the Department as a basis for the imposition for the maximum penalty allowed; in addition, the trial court has not cited an abuse of discretion by the Department as the reason for its modification in this case. The Department maintains that the trial court's conclusion that the suspension "would serve no reasonable purpose" is not a proper basis upon which to substitute the trial court's discretion for that of the Department. Were

there any evidence that the Department had exercised discretion, we would concur. However, we agree with Licensee that the "reasoning" set forth in the hearing examiner's recommendation fails to reflect that the hearing examiner or the Department exercised any discretion based upon the individual facts presented in this case.[4] Absent evidence that discretion was, in fact, exercised, the trial court did not commit an error of law in "substituting" its discretion for that of the Department.

■ In accord with our decisions in *Fiore* and *Bankston*, we hold that where, as here, the record is devoid of evidence reflecting that the Department and its hearing examiner, in imposing a sanction under Section 1538(d), have fulfilled their obligation to treat each case individually and to exercise discretion based on the individual facts of the case, the trial court is authorized to modify the suspension imposed.

Accordingly, the decision of the trial court is affirmed.

### ORDER

NOW, November 14, 1996, the order of the Court of Common Pleas of Allegheny County, dated March 20, 1996, at S.A. 0094 of 1996, is affirmed.

---

4. The Department argues on appeal that the violation occurred on a holiday, citing accident statistics, etc., in support of the hearing examiner's recommendation. However, this reasoning was not cited by the hearing examiner, nor was it mentioned by the Department during the de novo hearing.